

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
www.flmd.uscourts.gov

**MEMORANDUM**

## UNITED STATES OF AMERICA

-vs-

**Case No.  04-3117-01**

## WILLIAM DAVID VENEY

---

**DATE:**    December 20, 2004

**Your Case No.:**    **03-cr-10404NG**

**TO:**    United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210-3102

**FROM:**    Helyn S. LaTorre, Courtroom Deputy for
David A. Baker, United States Magistrate Judge
(407) 835-4294
George C. Young U.S. Courthouse and Federal Building
80 North Hughey Avenue
Orlando, Florida 32801

**SUBJECT:**    Rule 5© Proceedings

The above-styled case originated in your division.  Enclosed please find original documents regarding proceedings held in the Middle District of Florida in Orlando, Florida wherein the following action was taken:

**INITIAL APPEARANCE:**    DECEMBER 3, 2004

**RELEASE/DETENTION:**    Conditions of Release were set and the Defendant was released on
bond.

**SCHEDULED HEARING:**    DECEMBER 17, 2004 (file faxed to charging district on 12/10/04)

**CHARGING DOCUMENT:**    Indictment

Enclosures: **Original Recorded Mortgage included** (which was a requirement of bond conditions)

## U.S. District Court
## Middle District of Florida (Orlando)
## CRIMINAL DOCKET FOR CASE #: 6:04-mj-03117-KRS-ALL
## Internal Use Only

Case title: USA v. Veney

Date Filed: 12/03/2004

Assigned to: Magistrate Judge Karla R. Spaulding

**Defendant**

**William David Veney** (1)
*TERMINATED: 12/10/2004*

| Pending Counts | Disposition |
|---|---|
| None | |

| Highest Offense Level (Opening) | |
|---|---|
| None | |

| Terminated Counts | Disposition |
|---|---|
| None | |

| Highest Offense Level (Terminated) | |
|---|---|
| None | |

| Complaints | Disposition |
|---|---|
| Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine and Marijuana in violation of Title 21, United States Code, Section 846 | |

*I certify the foregoing to be a true and correct copy of the original. SHERYL L. LOESCH, Clerk United States District Court Middle District of Florida By _____ Deputy Clerk*

**Plaintiff**

USA

| Date Filed | # | Docket Text |
|---|---|---|
| 12/03/2004 | 1 | Arrest - Rule 5(c)(2) of William David Veney from District of Massachusetts on charges of Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine and Marijuana (SLD, ) (Entered: 12/03/2004) |
| 12/03/2004 | 2 | Minute Entry for proceedings held before Judge Karla R. Spaulding :INITIAL appearance as to William David Veney held on 12/3/2004 (Rule 5(c) documents scanned with minutes) (Tape #2004 43:4688-4996.) (SLD, ) (Entered: 12/03/2004) |
| 12/03/2004 | 3 | CJA 23 financial affidavit by William David Veney (SLD, ) (Entered: 12/03/2004) |
| 12/03/2004 | 4 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER for proceedings in this District as to William David Veney . Signed by Judge Karla R. Spaulding on 12/3/2004. |

| | | |
|---|---|---|
| | | (SLD, ) (Entered: 12/03/2004) |
| 12/03/2004 | 🌑5 | WAIVER of rule 5(c)(2) hearings by William David Veney (SLD, ) (Entered: 12/03/2004) |
| 12/03/2004 | 🌑6 | ORDER OF TEMPORARY DETENTION as to William David Veney; Detention Hearing set for 12/6/2004 at 02:00 PM before Magistrate Judge David A. Baker.. Signed by Judge Karla R. Spaulding on 12/3/2004. (SLD, ) (Entered: 12/03/2004) |
| 12/06/2004 | 🌑7 | Minute Entry for proceedings held before Judge David A. Baker :BOND Hearing as to William David Veney held on 12/6/2004 (Tape #2004-56:1268-3133.) (HSL) (Entered: 12/06/2004) |
| 12/06/2004 | 🌑8 | ORDER Setting Conditions of Release as to William David Veney (1) $50,000 secured by mortgage on property with conditions. Signed by Judge David A. Baker on 12/6/2004. (HSL, ) (Entered: 12/06/2004) |
| 12/10/2004 | 🌑9 | ORDER of removal pursuant to rule 5(c)(2) to District of District of Massachusetts as to William David Veney . Signed by Judge David A. Baker on 12/10/2004. (HSL) (Entered: 12/10/2004) |
| 12/17/2004 | 🌑10 | SECURED BOND entered as to William David Veney in amount of $ 50,000, Signed by David A. Baker (Attachments: # 1 Affidavit by William Veney stating equity amount in property #(2) Original recorded mortgage)(HSL) (Entered: 12/22/2004) |
| 12/20/2004 | 🌑11 | Remark : Case transmitted to District of Massachusetts (HSL, ) (Entered: 12/22/2004) |

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FILED
ORLANDO, FL

DEC 1 0 2004
U.S. MAGISTRATE JUDGE

**UNITED STATES OF AMERICA**

**Case No. 04-3117-01**

-vs-

**WILLIAM DAVID VENEY**

---

## FINDINGS AND ORDER ON REMOVAL PROCEEDINGS
## PURSUANT TO RULE 5(c), FED.R.CRIM.P.

**WILLIAM DAVID VENEY**, having been arrested and presented before me for removal proceedings pursuant to Rule 5(c), Federal Rules of Criminal Procedure, and having been informed of the rights specified in Rule 5(d) thereof, and of the provisions of Rule 20, the following has occurred of record.

An Initial Appearance on the Rule 5© Superseding Indictment from District of Massachusetts was held on December 3, 2004.

After hearing the evidence, and based on the defendant's waiver of identity hearing, I find that **WILLIAM DAVID VENEY** is the person named in the warrant for arrest, a copy of which has been produced.

A detention hearing was held and the defendant was released on a $50,000 secured bond.

It is, therefore,

**ORDERED** that **WILLIAM DAVID VENEY** be held to answer in the district court in which the prosecution is pending. The defendant is to report on Friday, December 17, 2004 at 10:30 AM to appear before United States Magistrate Judge Judith G. Dein, U.S. District Courthouse, Courtroom #15, One Courthouse Way, Boston, Massachusetts 02210.

**DONE** and **ORDERED** in Chambers in Orlando, Florida, this 10th day of December, 2004.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

COPIES MAILED
ON 12-10 20 04
BY
**Deputy Clerk**

DEC 1 7 2004

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-

**Case No. 04-3117-01**

**WILLIAM DAVID VENEY**

---

## APPEARANCE BOND

**Non-surety:**   I, the undersigned defendant acknowledge that I and my . . .
**Surety:** We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of **$50,000**, and there has been no deposit made into the Registry of the Court. Further required is a mortgage deed made payable to the Clerk, U.S. District Court to secure bond.

The conditions of this bond are that the defendant **WILLIAM DAVID VENEY** is to appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on December 6, 2004 at Orlando, Florida.

Defendant _____   Address 299 Chandler St Unit C
Cape Canaveral FL
32931
Signed and acknowledged before me on December 6, 2004.   321 203 4317

Deputy Clerk: _____

Approved by: _____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

AO98 (Rev. 8/85) Appearance Bond

*approved by DAB following receipt of original recorded mortgage.*

*Doc Type: M*

## MORTGAGE NOTE

CFN 2004393475    12-14-2004 04:31 pm
OR Book/Page: **5396** / **6690**

STATE OF FLORIDA, COUNTY OF BREVARD, ss.

December 10, 2004

*Scott Ellis*
Clerk Of Courts, Brevard County

$50,000.00

#Pgs: 6      #Names: 2
Trust: 3.50    Rec: 49.00    Serv: 0.00
Deed: 0.00                  Excise: 0.00
Mtg: 175.00              Int Tax: 100.00

**FOR VALUE RECEIVED**, William David Veney, having an address at 299 Chandler Street, Unit C, Cape Canaveral, Florida 32920 ("Maker"), hereby covenants and promises to pay to CLERK OF COURT UNITED STATES DISTRICT COURT, MIDDLE DISTRICT FLORIDA, having an address at GEORGE C. YOUNG, U.S. COURTHOUSE, 80 N. HUGHEY AVE., #300, ORLANDO, FL 32801-2278 ("Payee"), or order, at Payee's address first above written or at such other address as Payee may designate in writing, Fifty Thousand Dollars ($50,000.00), lawful money of the United States of America, which principal shall be payable, without interest, on demand.

**Maker covenants and agrees with Payee as follows:**

1.    Maker will pay the indebtedness evidenced by this Note as provided herein.

2.    This Note is secured by a mortgage of even date herewith (the "Mortgage"), which Mortgage is a lien upon the property which is more particularly described in the Mortgage. All of the covenants, conditions, and agreements contained in the Mortgage expressly are incorporated by reference herein and hereby are made a part hereof. In the event of any conflict between the terms of this Note and the terms of the Mortgage, the terms of the Mortgage shall be paramount and shall govern.

3.    The holder of this Note may declare the entire unpaid amount of principal and interest under this Note to be immediately due and payable if Maker defaults in the due and punctual payment of any installment of principal or interest hereunder.

4.    Payee agrees that Payee will look solely to the property more particularly described in the Mortgage, and any other collateral given for security of the indebtedness evidenced by the Note or secured by the Mortgage, for the payment and performance of the provisions hereof and of the Mortgage, and that Payee will not seek or take any personal or deficiency judgment against Maker or any partner, shareholder, officer or principal of Maker, disclosed or undisclosed, with respect to such indebtedness or performance; provided, however, that nothing herein shall be deemed to affect otherwise the rights of Payee to proceed against the property described in the Mortgage or other collateral as in the Mortgage or elsewhere provided.

5.    Maker, and all guarantors, endorsers and sureties of this Note, hereby waive presentment of payments, demand, protest, notice of protest, notice of nonpayment, and notice of dishonor of this Note. Maker and all guarantors, endorsers and sureties consent that Payee at any

time may extend the time of payment of all or any part of the indebtedness secured hereby, or may grant any other indulgences.

        6.      Any notice of demand required or permitted to be made or given hereunder shall be deemed sufficiently made and given if given by personal service or by Federal Express courier or by the mailing of such notice of demand by certified or registered mail, return receipt requested, with postage prepaid, addressed, if to Maker, at Maker's address first above written, or if to Payee, payee's address first above written. Either party may change its address by like notice to the other party.

        7.      This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change, modification, termination, waiver, or discharge is sought. This Note shall be construed and enforced in accordance with the laws of Florida.

**IN WITNESS WHEREOF,** Maker has executed this Note on the date first above written.

**In the presence of:**

William David Veney

print    Michelle P. Smith

print    Sylvia Rodriguez

**AND** the mortgagor covenants with the mortgagee as follows:

1.      The mortgager shall pay the indebtedness as provided in the Note.

2.      The mortgagor shall keep the buildings on the premises insured against loss or damage by fire, for the benefit of the mortgagee; shall assign and deliver the policies to the mortgagee; and shall reimburse the mortgagee on demand for any insurance premiums paid for by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigned or delivering said policies, with interest at the rate provided for in the Note, and the same shall be added to the principal secured hereby. In addition, the mortgagor, within ten days after notice and demand, shall keep the premises insured against war risk and such other hazards as the mortgagee reasonably may request. The insurance policies shall contain the ususal extended coverage endorsement and shall be in such amounts and with such companies as shall be satisfactory to the mortgagee. The mortgagor shall purchase such insurance, shall pay the premiums therefor and shall deliver to the mortgagee such policies and evidence of premium payments so long as any indebtedness secured hereby remains unpaid. The mortgagee may settle all claims on such insurance and collect all insurance proceeds. Any proceeds from such insurance, at the option of the mortgagee, may be applied to any indebtedness secured hereby in such order as the mortgagee shall determine. Any amounts paid by the mortgagee for insurance premiums, with interest at the rate provided for in the Note, shall be a lien on the premises secured by this Mortgage.

3.      No building on the premises shall be substantially altered, removed or demolished without the prior written consent of the mortgagee. The mortgagor shall keep the premises in as good order, repair and condition as they now are, reasonable wear and tear excepted, shall not commit or permit any waste of the premises, and shall comply with all governmental rules, regulations and requirements of law applicable to the premises or the use thereof.

4.     The mortgagor shall pay all real estate taxes, assessments, water charges and sewer rents, and in default thereof, the mortgagee may pay the same and the mortgagor on demand shall repay the amount so paid with interest at the rate provided for in the Note and the same shall be added to the principal secured hereby.

5.     The whole of the aforesaid principal sum shall become due and payable at the option of the mortgagee: (a) after default in the payment of any installment or principal or interest for tem days; or (b) after default in the payment of any real estate taxes, assessments, water charges or sewer rants affecting the premises for ten days after notice and demand, or after default in exhibiting to the mortgagee, within ten days after demand, receipts showing payment of all real estate taxes, assessments, water charges and sewer rents; or (c) after default for ten days after notice and demand in insuring the buildings on the premises, or in assigning and delivering the policies insuring the buildings, or in reimbursing the mortgagee for premiums paid on such insurance, as herein above provided; or (d) after default upon request in furnishing a statement of the amount due on this Mortgage and whether any offsets or defense exist against the indebtedness secured hereby, as hereinafter provided; or (e) after the actual or threatened alternation, demolition or removal or any building on the premises without the prior written consent of the mortgage or the mortgagee; or (f) if the buildings on said premises are not maintained in reasonably good repair; or (g) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental authority having jurisdiction over the premises within three months from the issuance thereof; or (h) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of Florida refuse to issue policies insuring the buildings on the premises; or (I) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replace, free from chattel mortgages, reservations of title or other encumbrances thereon; or (j) after the assignment of the rents of the premises or any part thereof without the prior written consent of the mortgagee, or (k) after thirty days notice to the mortgagor in the event of the passage of any law deducting from the value of land for purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured by real property for state or local purposes; or (l) if the mortgagor, for tens days after notice and demand, fails to keep, observe or perform any of the other covenants, conditions or agreements contained in this Mortgage.

6.     Upon the occurrence of any of the aforesaid events of default hereunder, the mortgage or the agents, successors or assigns of the mortgagee may foreclose this Mortgage in the manner provided by law, and have the premises sold to satisfy or apply on the indebtedness secured hereby.

7.     The holder of this Mortgage, in any action to foreclose this Mortgage or sell the premises, shall be entitled to the appointment of a receiver of the rents, issues and profits of the premises.

8.     In case of a foreclosure sales, said premises, or so much thereof as may be affected by this Mortgage, may be sold in one parcel.

9.     The mortgagor, within ten days after request, shall furnish a duly acknowledged certificate stating the amount due on the Mortgage and stating whether there are any offsets or defenses against

the indebtedness secured hereby.

10.    The mortgagor warrants that the mortgagor has good and indefeasible title to the premises, in fee simple; that the mortgage is seized and possessed of the premises and every part thereof, and has the right to mortgage the same; that the premises is free from all liens, claims and encumbrances except as may be expressly provided herein; and that the mortgagor shall forever warrant and defend the title to the premises unto the mortgagee and the heirs, successors or assigns of the mortgagee against all lawful claims of all persons. The mortgagor releases and relinquishes all rights of homestead in and to the premises.

11.    If any action or proceeding be commenced (except an action to foreclose this Mortgage or to collect the indebtedness secured hereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this Mortgage, all sums paid by the mortgagee for the expenses of any litigation to prosecute or defend the rights or lien created by the Mortgage (including reasonable attorneys' fees), shall be paid by the mortgagor on demand, with interest at the rate provide for in the Note, and shall be added to the principal secured hereby. In any action or proceeding to foreclose this Mortgage or to recover or collect the indebtedness secured hereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by the preceding covenant.

12.    The mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security for the payments of the indebtedness secured hereby. The mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for purposes of collecting the same and to let the premises or any part thereof, and to apply said rents, issues and profits, after payment of all necessary charges and expenses, on account of the indebtedness secured hereby.

13.    Notwithstanding any other provision of this Mortgage to the contrary, the mortgagee agrees that the mortgage will look solely to the premises for the payment and performance of the provisions of the Note and this Mortgage, and that the mortgage shall not seek or take any personal or deficiency judgment against the mortgagor or any partner, shareholder, officer or principal of the mortgagor, disclosed or undisclosed, with respect to such indebtedness or performance; provided, however, that nothing herein shall be deemed to affect otherwise the rights of the mortgagee to proceed against the premises in foreclosure.

14.    Notices and demands or requests shall be in writing and may be serviced in person or by Federal Express courier or by certified or registered mail, return receipt requested, with postage prepaid.

15.    This Mortgage shall be governed by the laws of Florida. This Mortgage may not be changed or terminated orally. The covenants contained in this Mortgage shall run with the land and bind the mortgagor and the heirs, executors, administrators, legal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall inure to the benefit of the mortgagee and the heirs, executors, administrators, legal representatives, successors and assigns of the mortgagee.

**IN WITNESS WHEREOF**, this Mortgage has been duly executed by the mortgagor on the date first above written.

**In the presence of:**

Signature: William David Veney

Print   Michelle T. Ford

Print   Sylvia Rodriguez

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

PLAINTIFF,

v.                                              Case No: 04-3117-01
                                    Massachusetts Case No: 03CR10404NG

WILLIAM DAVID VENEY,

DEFENDANT.

_____/

## AFFIDAVIT OF WILLIAM DAVID VENEY

STATE OF FLORIDA

COUNTY OF ORANGE

I, WILLIAM DAVID VENEY, being duly sworn, depose and say:

1.      My name is William David Veney.

2.      I am the legal owner of a condominium located at 299 Chandler Street, Unit C, Cape Canaveral, Florida 32920, with the following legal description: Keyshore Lot 3 according to the plat thereof as recorded in Plat Book 0031 Page 0033 of the Public Records of Brevard County.

4.      The property has a value of at least $150,000.00 and equity in the amount of approximately $65,000.

5.      The property is secured by a mortgage which has a balance owed of approximately $85,000, by Countrywide Mortgage, 1980 N. Atlantic Ave., Suite 812, Cocoa, Florida 32931.

6.    The property is my residence and homestead as those terms are defined under Florida law.

7.    I am aware that I am mortgaging my property to the United States District Court for the Middle District of Florida in the amount of $50,000.00 as security for my release from detention and that this property may be subject to foreclosure should I fail to comply with the conditions of my bond.

8.    I understand that any false or fraudulent statements may subject me to criminal proceedings.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

William David Veney

Sworn to before me this <u>12th</u> day of December, 2004, by William David Veney, who is known to me or produced Florida DL as identification.

Notary Public
My Commission Expires



MICHELLE P. SMITH
MY COMMISSION # DD 096546
EXPIRES: June 29, 2006
Bonded Thru Budget Notary Services

2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FILED
ORLANDO, FL
DEC 0 6 2004
U.S. MAGISTRATE JUDGE

**UNITED STATES OF AMERICA**

-vs-

**Case No. 04-3117-01**

**WILLIAM DAVID VENEY**

---

# ORDER SETTING
# CONDITIONS OF RELEASE

**IT IS ORDERED** that the release of the defendant is subject to the following conditions and provisions:

(1)  The defendant **shall not commit** any offense in violation of federal, state or local law while on release in this case.

(2)  The defendant **shall immediately advise** the court, Pretrial Services Office, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(3)  The defendant **shall appear** at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear in the George C. Young United States Courthouse and Federal Building in the Courtroom directed upon notice.

# ADDITIONAL CONDITIONS OF RELEASE

In order reasonably to assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

### Secured Financial Conditions

● Execute a **bond in the amount of $50,000** or an agreement to forfeit upon failure to appear as required, and post with the court indicia of ownership of the following sum or designated property: **299 Chandler St., Unit C, Cape Canaveral, FL 32920.**

● report as directed by the Pretrial Services Office.

● Maintain or actively seek employment (no truck driving until authorized by Pretrial Services).

● Obtain no passport.

● Abide by the following restrictions on personal association, place of abode, or travel: Defendant is restricted in residence and travel to the Middle District of Florida and the District of Massachusetts and points in between for travel to court.

-1-

- Refrain from possessing a firearm, destructive device, or other dangerous weapon.

- Refrain from excessive use of alcohol.

- Refrain from any use or possession of a narcotic drug or other controlled substances in 21 U.S.C. § 802, unless with prior written approval of the Pretrial Services Officer or as may be lawfully prescribed in writing by a licensed medical practitioner.

- Submit to any method of testing required by the Pretrial Services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

- Participate in a program of inpatient or outpatient substance abuse testing, education or treatment if deemed advisable by Pretrial Services and pay a percentage of the fee as determined by Pretrial Services.

- Report as soon as possible, to the Pretrial Services Office any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

## ADVICE OF PENALTIES AND SANCTIONS

### TO THE DEFENDANT:

### YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

299 Chandler St. Unit C.
_____
Address                      321 2234317

Cape Canaveral Fl 32931
_____
City and State                    Telephone

## DIRECTIONS TO THE UNITED STATES MARSHAL

☐ The defendant is **ORDERED** released after processing.

☒ The United States marshal is **ORDERED** to keep the defendant in custody until notified by the Clerk or Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:    December 6, 2004

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

COPIES  MAILED
ON _/2-6_ 20 _04_
BY_____
**Deputy Clerk**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                    Case No.  04-3117-01

**WILLIAM DAVID VENEY**

AUSA: Sandra Deisler
Defense Atty.: Michelle Smith

| JUDGE | **David A. Baker**<br>United States Magistrate Judge | DATE AND TIME | **December 6, 2004**<br>2:05-2:35 |
|---|---|---|---|
| DEPUTY CLERK | Helyn S. LaTorre | TAPE/REPORTER | 2004-56:1268-3133 |
| INTERPRETER | None | PRETRIAL: | Glen Hendrickson |

## CLERK'S MINUTES
## Detention Hearing /Bond Hrg.

(1268) Case called, appearances taken
(1305) Procedural setting by court
(1332) Defense objects to proceed by proffer
(1351) Government would like to proceed by proffer
(1421) U.S. Marshall Task Force Officer Christopher Stall sworn and testifies
(1648) Cross-examination of Officer Stall by defense
(1900) Court inquires of Officer Stall
(1988) Re-direct of Officer Stall, by government
(2019) Re-cross, by defense
(2371) Government proffer and argument for detention
(2577) Defense proffer and argument
(2676) Court sets conditions of release:
    Bond $50,000 secured by mortgage on home: 299 Chandler St., Unit C, Cape Canaveral, FL 32920
    -seek employment (no driving truck until Pretrial verifies no drug usage)
    -drug treatment and monitoring
    -travel MD/FL and District of Massachusetts and points in between for travel to court
    -report to Pretrial
    -obtain no passport
    -no firearms, drugs, excessive alcohol

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**Case No.  04-3117-01**

-vs-

**WILLIAM DAVID VENEY**

---

## ORDER OF TEMPORARY DETENTION
### PENDING HEARING[1] PURSUANT TO
### BAIL REFORM ACT

Upon motion of the Government, it is **ORDERED** that a detention hearing is set for **MONDAY, DECEMBER 6, 2004** at **2:00 P.M.** before United States Magistrate **Judge David A. Baker** in **Courtroom No. 6**, 80 North Hughey Avenue, George C. Young United States Courthouse and Federal Building, Orlando, Florida.  Pending this hearing, the defendant shall be held in custody by the United States Marshal and produced for the hearing.

Date:   December 3, 2004

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the government, or up to five days upon motion of the defendant.  18 U.S.C. § 3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. § 3142(f) are present.  Subsection (1) sets forth the grounds that may be asserted only by the attorney for the government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the government or upon the judicial officer's own motion, if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate or attempt to threaten, injure, or intimidate a prospective witness or juror.

AO 470 (12/03) Order of Temporary Detention

AO #66 (Rev. 1/03) Waiver of Rule 40 Hearings

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

Case No. 04-3117-01

-vs-

**WILLIAM DAVID VENEY**

## WAIVER OF RULE 5(c) HEARINGS
### [Formerly Rule 40]
### (All Criminal Cases)

I understand that charges are pending in the District of Massachusetts alleging violation of Title 21, United States Code, Section 846 and that I have been arrested in this district and taken before a United States Magistrate Judge, who informed me of the charge(s) and my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4)  request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

## I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☐  identity hearing

☐  preliminary hearing

☒  identity hearing and have been informed I have no right to a preliminary hearing

☐  identity hearing but request a preliminary hearing to be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

WILLIAM DAVID VENEY

Defense Counsel

December 3, 2004

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                    **Case No.  04-3117-01**

**WILLIAM DAVID VENEY**

---

## ORDER APPOINTING
## FEDERAL PUBLIC DEFENDER

Because the above named defendant has testified under oath or has otherwise satisfied this

Court that he/she: (1) is unable to employ counsel, and (2) does not wish to waive counsel, and

because the interests of justice so require, it is

**ORDERED** that the Federal Public Defender is appointed to represent the above named

defendant for proceedings in this District in this case.  The defendant may be required to contribute

to the cost of this representation depending on circumstances to be determined at a later date.

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2004.

                                    KARLA R. SPAULDING
                            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Attorney
United States Marshal
United States Probation Office
Asst. Federal Public Defender
Pretrial Services Office

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| United States Magistrate Judge: | Karla R. Spaulding |
| Courtroom Deputy: | Samantha Daniels |
| Date/Time | 12/3/04  10:45 a.m. - 11:00 a.m. |
| Reporter/Tape No. | 2004 43:4688-4996 |
| Pretrial/Probation Officer | Candice Bunk |
| Interpreter | |

UNITED STATES OF AMERICA

   -V-

Case No. **04-m-3117**

**WILLIAM DAVID VENEY**

**Clerk's Minutes**
**INITIAL APPEARANCE ON SUPERSEDING INDICTMENT**
**RULE 5(c) - DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Counsel for the Government/Plaintiff: | Sandra Deisler |
| Counsel for the Defendant: | Michelle Smith |

DEFENDANT WAS TAKEN INTO FEDERAL CUSTODY ON DECEMBER 3, 2004

| | |
|---|---|
| 4688 | Court convened, appearances stated for the record.  Procedural setting by the Court. |
| 4700 | Court advises defendant of charges on Indictment from the District of Massachusetts and rights. |
| 4780 | Defendant requests appointment of counsel.  Court appoints Office of the Federal Public Defender to represent defendant in this District. |
| 4840 | Defendant waives identity hearing. |
| 4845 | Court finds defendant is the person named on the Indictment. |
| 4857 | Government seeks detention and requests a continuance of the hearing until Monday. |
| 4886 | Defendant requests a bond hearing. |
| 4960 | Court grants request for continuance. |
| 4990 | Court orders defendant detained to the custody of the United States Marshals and sets detention hearing for Monday, December 6, 2004 at 2:00 p.m. before Magistrate Judge David A. Baker. |

AO 442 (Rev. 4/97) Warrant for Arrest

# UNITED STATES DISTRICT COURT

## DISTRICT OF_____
## MASSACHUSETTS

UNITED STATES OF AMERICA

v.

**WILLIAM DAVID VENEY**

### WARRANT FOR ARREST

Case Number:

**03** CR **10404** NG

To:  The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___**William David Veney**_____
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

X INDICTMENT ☐ INFORMATION ☐ COMPLAINT ☐ ORDER OF COURT ☐ VIOLATION OF NOTICE ☐ PROBATION VIOLATION PETITION

CHARGING HIM OR HER WITH (brief description of offense)

Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine and Marijuana

**846**

in violation of Title _____ United States Code, Section(s)_____

Name of Issuing Officer

*Supervisor*
Title of Issuing Officer

Signature of Issuing Officer

Boston, MA; October 27 2004
Date and Location

Bail fixed at $ _____     BY  _____

| RETURN | | |
|---|---|---|
| THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE NAMED DEFENDANT AT _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )    No. 03-10404-NG
                         )
                         )    VIOLATIONS:
                         )    21 U.S.C. § 846 -
                         )    Conspiracy to Possess
    v.                   )    With Intent to Distribute
                         )    And to Distribute Cocaine
1. MICHAEL GRIFFIN,      )
2. RONALD CAVALIERE,     )
3. WILLIAM DAVID VENEY, and )  21 U.S.C. §846 -
4. RICHARD COLLADO,      )    Conspiracy to Possess with
                         )    Intent to Distribute and
                         )    to Distribute Marijuana
    Defendants.          )

## SUPERSEDING INDICTMENT

COUNT ONE:     (21 U.S.C. § 846 - Conspiracy to Possess With
               Intent To Distribute and to Distribute Cocaine and
               Marijuana)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but no later than in

or about January, 2000, and continuing until on or about April

17, 2002 at Boston, and elsewhere, in the District of

Massachusetts, and elsewhere,

         1. **MICHAEL GRIFFIN,**
         2. **RONALD CAVALIERE,**
         3. **WILLIAM DAVID VENEY, and**
         4. **RICHARD COLLADO,**

defendants herein, knowingly and intentionally combined,

conspired, and agreed with each other, and with persons known and

unknown to the Grand Jury, to possess with intent to distribute

and to distribute cocaine, a Schedule II controlled substance,

and marijuana, a Schedule I controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1).

It is further alleged that the conspiracy involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

It is further alleged that the conspiracy involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(B)(vii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

## CRIMINAL FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of committing the offense alleged in Count One of this indictment, in violation of 21 U.S.C. §846, 841(b)(1)(A), and 841(B)(1)(B) (conspiracy to possess with intent to distribute and to distribute cocaine and marijuana):

    1. **MICHAEL GRIFFIN,**
    2. **RONALD CAVALIERE,**
    3. **WILLIAM DAVID VENEY,**
    4. **RICHARD COLLADO,**

defendants herein, if convicted, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

## NOTICE OF ADDITIONAL FACTORS

The Grand Jury further charges that:

1.    The defendant MICHAEL GRIFFIN is accountable for 150 kilograms or more of cocaine.  Accordingly, USSG §2D1.1(c)(1) applies to this defendant.

2.    The defendant RONALD CAVALIERE is accountable for at least 100 kilograms, but less than 400 kilograms, of marijuana. Accordingly, USSG §2D1.1(c)(7) applies to this defendant.

3.    The defendant WILLIAM DAVID VENEY is accountable for 150 kilograms or more of cocaine.  Accordingly, USSG §2D1.1(c)(1) applies to this defendant.

4.    The defendant RICHARD COLLADO is accountable for at least 50 kilograms, but less than 150 kilograms, of cocaine, and at least 100 kilograms, but less than 400 kilograms, of marijuana.  Accordingly, USSG §2D1.1(c)(2) applies to this defendant.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

RACHEL E. HERSHFANG
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; October 26, 2004.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )    Case No. 03-10404-NG
)
1.  MICHAEL GRIFFIN, )
2.  RONALD CAVALIERE, )
3.  DAVID VENEY, and )
4.  RICHARD COLLADO, )
)
Defendants. )

### MOTION TO UNSEAL FOR LIMITED PURPOSE OF PROVIDING INDICTMENT TO DEFENDANT AT ARREST

The United States of America respectfully moves this Court to unseal the Superseding Indictment and arrest warrant with respect to David Veney for the limited purpose of providing a copy of these documents to David Veney, the Court in the arresting district and the prosecutor therein, and Pretrial Services. In support of this motion, the government states as follows: David Veney was just arrested and has a right to be made aware of the charges against him.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    RACHEL E. HERSHFANG
Assistant U.S. Attorney

Date:    December 3, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
            v.              )    Case No. 03-10404-NG
                            )
1.  MICHAEL GRIFFIN,        )
2.  RONALD CAVALIERE,       )
3.  DAVID VENEY, and        )
4.  RICHARD COLLADO,        )
                            )
            Defendants.     )

MOTION TO SEAL

The United States of America respectfully moves this Court to seal the Superseding Indictment, arrest warrants, this motion, any ruling on this motion, and all related paperwork until further order of this Court. In support of this motion, the government states that the public disclosure of any of these materials at this juncture could jeopardize the government's ongoing investigation in this case and the safety of officers.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
RACHEL E. HERSHFANG
Assistant U.S. Attorney

Date:    October- , 2004