UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>v.        )<br>)<br>MICHAEL S. GRIFFIN,  )<br>RONALD CAVALIERE,  )<br>WILLIAM DAVID VENEY,  )<br>and RICHARD COLLADO. )<br>) | CRIM. NO. 03-10404-NG |

## WILLIAM DAVID VENEY'S MOTION TO SEVER

William David Veney moves to sever his trial on the above-captioned indictment from the trials of co-defendants Michael S. Griffin and Richard Collado. In support of this Motion Veney relies on the factual background and supporting authority advanced in the Memorandum in Support of Michael S. Griffin's Renewed Motion to Sever and the following additional information.

From the discovery provided to defense counsel, it appears that the government alleges that Veney's role in the alleged conspiracy involved the transportation of substantial kilo quantities of cocaine (and some marijuana) from Texas to Massachusetts from as early as the Fall 1999 until the April 2002 arrest of one Frank Fister, a self-admitted drug kingpin and cooperating government witness. The government's evidence alleges that Veney transported drugs for Fister on five to seven occasions during this time period.

As described in Defendant Griffin's Memorandum, by letter of January 19, 2007 the government, asserts that drug transport in January 2001 and in March 2001 was conducted by Veney. Until this letter, the government's discovery alleged that Griffin conducted these two

trips. At trial, Veney will seek to avoid the liability for at least these trips by emphasizing that for three years, from 2003 through 2006, the government witnesses said that Griffin was the person involved in these two trips.

In addition to this conflict with Griffin, the government's discovery creates a conflict between Veney and Defendant Collado in presenting their defenses to the indictment. Their conflict develops from a February 2002 cocaine delivery to Fister. In grand jury testimony, Rodney Mirabel, another self-admitted drug dealer cooperating with the government, attributes the February 2002 trip to Veney. In other discovery, Collado is identified as the transporter of the drugs.

A scenario where each defendant will rely on conflicting evidence produced by the government to exculpate himself and inculpate a co-defendant establishes the antagonistic defenses requiring a severance pursuant to Fed.R.Crim.P. Rule 14. <u>United States v. Smith</u>, 46 F.3d 1223, 1230 (1st Cir. 1995) (discussing antagonistic defenses requiring severance where tensions between the defenses are so great that the finder of fact would have to believe one defendant at the expense of another") cited in <u>United States v. Rose, et al.</u>, 104 F.3d 1408 (1st Cir. 1997).

For the reasons stated above, this Court should grant the requested severance to avoid the prejudice of a joint trial.

                                                                 Respectfully submitted,

                                                                 /s/ Steven A. Sussman  
                                                                 Steven A. Sussman  
                                                                 BBO No. 488800  
                                                                 6 Beacon Street, Suite 400  
Dated:  January 22, 2007                        Boston, MA 02108

Certificate of Service

    I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Jan. 22,2007.