UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
v.                            )    CRIMINAL NO. 03-010404-003-NG
                              )
WILLIAM DAVID VENEY           )
              Defendant       )
_____
```

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, defendant, William David Veney, requests the Court to include the following instructions in its charge to the jury.  Defendant reserves the right to supplement or amend these requests as the facts and law develop during the trial.

```
                    WILLIAM DAVID VENEY
                    By his attorney,

                    /s/ Steven A. Sussman

                    Steven A. Sussman
                      B.B.O. # 488800
                    6 Beacon Street Suite 400
                    Boston, MA  02108
                    Tel: 617-973-4800
```

DEFENDANT'S REQUEST NUMBER 1

### PRESUMPTION OF INNOCENCE

The law in the United States of America presumes every defendant to be innocent of crime.  This presumption of innocence can be overcome only if the government, by means of competent evidence, convinces the jury beyond a reasonable doubt of the guilt of Mr. Veney with respect to every element of the offense with which he has been charged.  This presumption of innocence remains with each defendant throughout the course of this trial.

### Authority

United States v. Campbell, 874 F.2d 838 (1st Cir. 1989);

United States v. Littlefield, 840 F.2d 143 (1st Cir.) (recommending trial courts to make "presumption of innocence concept ... as explicit as possible"), cert. denied, 488 U.S. 860 (1988).

DEFENDANT'S REQUEST NUMBER 2

<u>BURDEN OF PROOF</u>

The government has the burden of proving every element of the charge against Mr. Veney beyond a reasonable doubt.  If it fails to do so, you must return a verdict of not guilty.  This burden remains with the government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

DEFENDANT'S REQUEST NUMBER 3

## INDICTMENT IS NOT EVIDENCE

An indictment itself is not evidence.  It merely describes the charge made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination about whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

## Authority

United States v. Garcia, 562 F.2d 411 (7th Cir. 1977)

Brandon v. United States, 431 F.2d 1931 (7th Cir.), cert. denied, 400 U.S. 1022 (1971).

United States v. Mackay, 491 F.2d 616 (10th Cir. 1973), cert. denied, 416 U.S. 972 (1974).

United States v. Strauss, 678 F.2d 886 (11th Cir. 1982).

DEFENDANT'S REQUEST NUMBER 4

BURDEN OF PROOF

The burden of proving that the defendant is guilty is upon the government.  A defendant need not present any evidence for you to find him not guilty.  The presumption of innocence alone is sufficient for you to conclude after careful and impartial consideration of all the evidence that Mr. Veney is not guilty.

DEFENDANT'S REQUEST NUMBER 5

REASONABLE DOUBT

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant.  It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond reasonable doubt.  On the other hand, there are very few things in this world that we know with

absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

Instruction given by Judge Keeton, approved in United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997). See First Circuit Pattern Jury Instructions 3.02, n. 5.

DEFENDANT'S REQUEST NUMBER 6

IMPROPER CONSIDERATIONS:  NATURE OF CRIMES CHARGED

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant. All persons are entitled to the presumption of innocence and the government has the same burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

DEFENDANT'S REQUEST NUMBER 7

CREDIBILITY

It will be your duty to decide any questions of fact.  You will have to determine the truthfulness and credibility of the witnesses, and the weight to be given their testimony.  You are the sole judges of the credibility of the witnesses, and if there is any conflict in the testimony, it is your function to resolve the conflict and determine the truth.  You may reject all the testimony of a witness, you may reject some parts and accept others, you may think a witness exaggerates, or understates, remembers, or forgets.

In determining the credibility of a witness and in determining the weight to be given his or her testimony, you should consider the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while testifying, the reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the opportunity or lack of opportunity of the witness to see and to know the facts concerning which he is testifying, the accuracy of the witness' recollection, whether or not the witness has made prior statements or given prior testimony inconsistent with his or her testimony at trial, and the degree of intelligence shown by the witness.  You should also take into consideration the character and appearance of the witness at the trial, and any bias he has

shown in his or her testimony in determining the credit to be
given to his or her testimony.

DEFENDANT'S REQUEST NUMBER 8

CREDIBILITY

You are not obliged to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

DEFENDANT'S REQUEST NUMBER 9

WITNESS USING OR ADDICTED TO DRUGS OR ALCOHOL

You have heard the testimony of witnesses who stated that they were using or addicted to drugs and/or alcohol during the time that he testified about.

You should consider the testimony of such a witness with more caution than the testimony of other witnesses.  The testimony of a witness who was using drugs and/or alcohol at the time of the events he is testifying about may be less believable because of the effect the drugs and/or alcohol may have on his ability to perceive or relate the events in question.


Adapted from Sixth Circuit Pattern Jury Instruction 7.06B;  Sand, Modern Federal Jury Instructions, Instruction 7-9.1 at 7-39.

DEFENDANT'S REQUEST NUMBER 10

## TESTIMONY OF COOPERATING INDIVIDUAL

You have heard the testimony of cooperating individuals. These witnesses have an arrangement with the government under which they may be rewarded for providing information about criminal activity. The government may present the testimony of such a person. Some people who get rewarded for providing information about criminal activity are entirely truthful when testifying. You should, however, consider this witness' testimony with more caution than the testimony of other witnesses. Since he may believe that he will be rewarded only if he produces evidence of criminal conduct, he may have reasons to make up stories or to exaggerate what others did. In deciding whether you believe his testimony, you should keep these comments in mind.

Adapted from Federal Judicial Center, Pattern Instruction No. 25 at 34 (1988).

DEFENDANT'S REQUEST NUMBER 11

AGREEMENT NOT TO PROSECUTE GOVERNMENT WITNESS

You have heard the testimony of a witness who has been promised that he will not be prosecuted for one or more federal crimes.  This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.  You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.  He may have had reason to make up stories or

exaggerate what others did because he wanted to strike a good bargain with the government about his own case.[1]

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-9 at 7-35.

---

[1] This sentence is quoted from Federal Judicial Center, Pattern Criminal Jury Instructions (1987).

DEFENDANT'S REQUEST NUMBER 12

PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony.  If a witness is shown to have given false statements concerning any material matter, you have a right to distrust such witness's testimony in other particulars.  You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

DEFENDANT'S REQUEST NUMBER 13

LAW ENFORCEMENT WITNESSES

You have heard the testimony of several law enforcement officials.  The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is also appropriate to consider whether, in his investigation, the particular law enforcement witness acted in accordance with the standards of his department or agency.  If not, you must consider the failure(s) to comply with proper procedures both in evaluating the witness' credibility and in evaluating the propriety of his conduct.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16 at 7.01.

DEFENDANT'S REQUEST NUMBER 14

## INFERENCES

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, is permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict the

defendant unless you are convinced of his guilt beyond a

reasonable doubt.

DEFENDANT'S REQUEST NUMBER 15

OBJECTIONS

At times during the trial, you heard lawyers make objections to questions asked by other lawyers, and to answers by witnesses. It is a proper function of lawyers to make objections.  In objecting, a lawyer is requesting that I make a decision on a particular rule of law.  Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine.  They should not influence your thinking about the facts.

DEFENDANT'S REQUEST NUMBER 16
(to be given only if defendant does not testify)

### DEFENDANT'S DECISION NOT TO TESTIFY

Under our Constitution, the defendant has an absolute right not to testify. In this case the defendant has exercised that lawful right. The fact that he has elected not to take the stand is in no way to be regarded by you as involving the questions of his innocence or his guilt. No negative inference may be drawn from this decision. The defendant has entered a plea of not guilty. I instruct you emphatically that, in the jury room, you may not speculate about why a defendant did not take the stand. You may not even discuss the fact that a defendant did not testify. I have told you why a defendant did not testify. He has exercised his lawful right.

DEFENDANT'S REQUEST NUMBER 17

KNOWLEDGE

One cannot be found guilty of possessing an object unless he has knowledge of its presence.  Knowledge alone, however, is not enough to prove possession.  Similarly, mere presence in the vicinity of the objection is insufficient to prove possession. "[I]t is not enough to place the defendant and the [contraband] in the same [location].  Commonwealth v. Deagle, 10 Mass. App. Ct. 563 (1980), quoting Commonwealth v. Boone,356 Mass. 85, 87 (1969).  See also Commonwealth v. Booker, 31 Mass. App. Ct. 435, 437 (1991).

<u>DEFENDANT'S REQUEST NUMBER 18</u>

A suspicion or conjecture on your part that the defendant may have participated in a conspiracy to distribute drugs is not enough for a conviction.  You must find a defendant not guilty unless you find beyond a reasonable doubt that he actually committed the crime charged.  Unless you find such proof beyond a reasonable doubt,  you must return a verdict of not guilty. <u>Commonwealth v. Chinn</u>, 6 Mass. App. Ct.714 (1978).

The defendant may be convicted only for his <u>own</u> unlawful conduct; not that of any other person.  You must examine the evidence separately as to each defendant.  <u>Commonwealth v. Richards</u>, 363 Mass. 299, 306 (1973); <u>Commonwealth v. Fancy</u>, 349 Mass. 196, 200 (1965).

DEFENDANT'S REQUEST NUMBER 19

Mere presence at the scene of a crime, and even failure to take affirmative steps to prevent the crime, does not render a person liable as a participant. Commonwealth v. Benders, 361 Mass. 704, 707-08 (1972); Commonwealth v. Amaral, 13 Mass. App. Ct. 238, 241 (1982).

Mere presence in the vicinity of unlawful drugs or mere knowledge of their physical location does not constitute possession. Commonwealth v. Bongarzone, 390 Mass. 326 (1985).

Mere presence in a motor vehicle is not enough to infer personal knowledge or the defendant's awareness of the unlawful drugs. United States v. Bonham, 477 F.2d 1127 (3rd Ci. 1973); Commonwealth v. Bennefield, 373 Mass. 452 (1977); Commonwealth v. Brown, 34 Mass. App. Ct. 222, 226 (1993).

DEFENDANT'S REQUEST NUMBER 20

THE CRIME CHARGED

You are only to consider the crime charged.  If you do not find beyond a reasonable doubt that Mr. Veney committed the crime charged -- conspiracy to distribute cocaine from 2000 to 2002-- even if you are convinced that he committed some other crime -- you must find Mr. Veney not guilty.

<u>DEFENDANT'S REQUEST NUMBER 21</u>

<u>EQUAL BUT INCONSISTENT INFERENCES</u>

If evidence introduced in this case equally supports two inconsistent conclusions, neither conclusion is established by legitimate proof.  Thus, in determining whether the prosecution has met its burden of proof beyond a reasonable doubt, you must resolve in favor of Mr. Veney any doubt as to which of two equal but inconsistent conclusions have been established.  <u>Commonwealth v. Croft</u>, 345 Mass. 143, 145 (1962).

<u>DEFENDANT'S REQUEST NUMBER 22</u>

<u>CONSPIRACY</u>

The defendant is charged in count 1 of the indictment with conspiring to distribute and to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. §846.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 2000 and ending on or about April 17, 2002, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership- an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not

matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that hey simply met, discusses matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all members of the jury agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that the conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the

purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.  Once you have decided that the defendant was a member of the conspiracy, the defendant is responsible for what other conspirators said or did to carry out the conspiracy, whether or not the defendant knew what they said or did.

Committee on Model Jury Instructions, Manual of Model Jury Instructions for the Ninth Circuit, § 8.05A (1992 ed.)

DEFENDANT'S REQUEST NUMBER 23

SEPARATE CONSPIRACIES

When several people agree together to further one unlawful enterprise, a single conspiracy exists.  In contrast, multiple conspiracies exist when there are separate agreements to further separate unlawful enterprises.  Unlawful enterprises may be separate even though they involve similar criminal conduct.

Whether a single conspiracy, multiple conspiracies or no conspiracy at all existed is for you, the jury to decide.

You must decide whether the single conspiracy charged in the indictment existed.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy or conspiracies existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy or conspiracies.

Ninth Circuit Model Criminal Jury Instructions, § 8.05B

Sand, Modern Federal Jury Instructions, ¶ 19.01